*1298 OPINION.
Smith:
1. On the part of the Commissioner it is contended that the Board has no jurisdiction to consider the correctness of his determination of overassessments for the years 1919 and 1921. The question herein involved is ruled by the decisions of the Board in the Appeal of Cornelius Cotton Mills, 4 B. T. A. 255, and Appeal of Jay N. Darling, 4 B. T. A. 499. It must therefore be held that the Board has no jurisdiction to consider the correctness of the overassessments for the years 1919 and 1921.
2. From a consideration of the entire evidence, the Board is of the opinion that depreciation of tenant frame buildings and of other frame buildings for the year 1920 should be computed at the rate of 5 per cent, rather than at the rate of 7% per cent, and that depreciation on machinery and the locomotive should be computed at the rate of 10 per cent instead of at the rates determined by the Commissioner.
3. The petitioner definitely abandoned the use of its storage shed for bar-iron in 1920. The taxing statute permits the petitioner to deduct from gross income “ losses sustained during the taxable year and not compensated for by insurance or otherwise.” Section 234 (a)(4), Revenue Act of 1918. All the evidence in this case goes to show that the bar-iron shed became obsolete and that its further use was abandoned in 1920. The books of account of the petitioner-do not show the cost of the shed separately from other buildings. We are satisfied, however, from a consideration of the entire evidence, that the unextinguished cost at December 31, 1919, was $2,771 and that the petitioner is entitled to deduct this amount from the gross income of 1920.
4. The high prices obtaining for bar-iron during the years 1918 and 1919 induced the petitioner to attempt the manufacture and sale of bar-iron, although it was not particularly advantageously located for such business. It therefore started the completion of a 20-inch rolling mill for bar-iron to be sold to the wholesale trade. Owing to the business depression in 1920, it became convinced that it could never manufacture bar-iron profitably, and it immediately dismantled the rolling mill, which at that time had not been entirely completed, and broke up certain parts of the building to indicate that it was its intention then permanently to abandon it. The petitioner was not certain whether it could at any time make any use of the building. It made no use of it during the next two or three years, but in 1923 or 1924 it decided to extend its car manufacturing plant, and, although the building was not adapted for such purposes, it was converted into a fabrication shed and made a part of the main building. We can not doubt from the entire evidence that the petitioner suffered a loss in 1920 by reason of its rolling mill becom *1299 ing obsolete. The taxing statute permits the deduction of such a loss. The evidence warrants a finding that the amount of the loss sustained in that year on its rolling-mill building was the amount claimed by the petitioner, namely $11,002.28.

Order of redetermination will.be entered on 15 days’ notice, under Rule 50.